IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KHANH TRUONG NGUYEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1402-D |
| ) | |
| PAMELA BONDI, Attorney General, et al., ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Petitioner Khanh Truong Nguyen filed a Verified Petition for Writ of Habeas Corpus [Doc. No. 1], seeking habeas relief under 28 U.S.C. § 2241. In his petition, Petitioner challenges his detention by the United States Immigration and Customs Enforcement (ICE) on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him. On November 26, 2025, Petitioner filed his emergency motion or request for expedited handling [Doc. No. 5]. Respondents filed a Response in Opposition to Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. No. 15], and Petitioner filed his reply to Respondent's response [Doc. No. 18]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, pursuant to 28 U.S.C. § 636(b)(1)(B), (C) [Doc. No. 3].

On December 31, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 21], in which she recommends that Petitioner's petition be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, and further recommends that Petitioner be released from custody immediately, subject to an appropriate Order of Supervision. On

1

January 14, 2026, Respondents filed an Objection to the Report and Recommendation [Doc. No. 22], to which Petitioner filed a response [Doc. No. 23]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

In her Report, the magistrate judge provided the following factual background, which was not contested by the parties. Petitioner is a citizen of Vietnam who entered the United States in 1990 as a lawful permanent resident [Doc. No. 21, at 2]. In 1998, California convicted Petitioner of carrying a concealed weapon, participating in a criminal street gang, and being a felon/addict in possession of a firearm. *Id.* In March 1999, ICE issued Petitioner a notice to appear for removal proceedings. *Id.* On July 26, 1999, an Immigration Judge entered a final order of removal against Petitioner based on his felony convictions. *Id.*

ICE detained Petitioner pending his removal to Vietnam beginning on March 9, 1999. *Id.* ICE released Petitioner on an Order of Supervision (OOS) on September 8, 2000, after a federal judge granted him habeas corpus relief because ICE was unable to timely effectuate his removal to Vietnam. *Id.* During his release on the OOS, Petitioner was arrested three times in various jurisdictions. *Id.* Petitioner's last arrest and conviction occurred in Enid, Oklahoma, in 2018. *Id.*

On September 11, 2025, ICE detained Petitioner "at a regularly scheduled check-in appointment" in the Dallas, Texas, Field Office. *Id.* (quoting Doc. Nos. 1, at 2-3; 15-1, at 3). He remains in detention pending his removal to Vietnam. *Id.* at 3.

Petitioner asserts that ICE wrongfully detained him despite doing "nothing wrong and remaining in compliance with his OOS." *Id.* (quoting Doc. No. 1, at 3). He maintains that in the twenty-five years since his removal order, he has "never received travel documents from Vietnam" and that "[e]very request for travel documents ever made by [him] or on [his] behalf has been denied." *Id.* (quoting Doc. No. 1, at 3-4). He does not have a "valid Vietnamese passport or other original evidence of Vietnamese citizenship." *Id.* (quoting Doc. No. 1, at 4). Approximately forty-five days after his detention, Petitioner did fill out a "general questionnaire" about his family members in the United States and Vietnam. *Id.* It is his belief that the government has not submitted a travel document request to the Vietnamese embassy during his detention. *Id.*

Deportation Officer George McGettrick states in his declaration to the Court that he "submitted [Petitioner's] Travel Documents Request to [Enforcement Removal Operations (ERO)] Headquarters" on November 1, 2025. *Id.* (quoting Doc. No. 15-1, at 3). That office is "actively working with the U.S. State Department to remove [Petitioner]." *Id.* Also on November 1, 2025, Officer McGettrick "submitted a travel document request (TDR or TDRs) to the government of Vietnam, which [was] still pending" as of December 8, 2025. *Id.* (quoting Doc. No. 15-1, at 4). And because Petitioner had been in custody for less than ninety days on December 8, 2025, "no post-order custody review ha[d] been conducted." *Id.* (quoting Doc. No. 15-1, at 4).[1]

---

[1] Petitioner's detention has now exceeded ninety days.

3

Petitioner alleges that he was never served with a proper Notice of Revocation of Release providing an explanation of why Respondents were revoking his OOS, nor did they afford him an opportunity to challenge any Notice. *Id.* He also states that Respondents have not served him with a Notice of Custody Determination "or any other written decision explaining what changed circumstances allegedly justified or currently justify his redetention." *Id.* (quoting Doc. No. 1, at 4).

Petitioner contends that his detention is "designed to send a message to other individuals with final orders of removal that they need to leave the United States or they will be jailed indefinitely and without any process." *Id.* (quoting Doc. No. 1, at 5). He contends that "[t]he government is not in possession of any credible or persuasive documents or evidence that [his] removal is likely to occur in the reasonably foreseeable future." *Id.* (quoting Doc. No. 1, at 5). He maintains that his "aggregate period of civil immigration confinement exceeds six months and continues to grow." *Id.* (quoting Doc. No. 1, at 10).

In her Report, the magistrate judge first addresses Respondents' argument that neither 8 U.S.C. § 1252(b)(9) nor § 1252(g) deprives the Court of jurisdiction to hear Petitioner's claims [Doc. No. 21, at 10]. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). "Section 1252(g) is a 'jurisdiction-stripping zipper clause,' which 'channel[s] review of all decisions and actions leading up to or consequent upon final orders of deportation in the courts of appeal,

4

following issuance of an order of removal.'" [Doc. No. 21, at 10] (quoting *Mukantagara v. DHS*, 67 F.4th 1113, 1115 (10th Cir. 2023)). Respondents further assert that 8 U.S.C. § 1252(b)(9) deprives the Court of jurisdiction. Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9).

The magistrate judge concluded that neither 8 U.S.C. § 1252(g) nor 8 U.S.C. § 1252(b)(9) deprives the Court of jurisdiction. Regarding 8 U.S.C. § 1252(g), she determined that Respondents' argument that "Petitioner challenges the Attorney General's action taken to execute his order of removal, which would preclude the Court from reviewing his claim" fails because "Petitioner does not ask the Court to review the Attorney General's decision to execute the order of removal." [Doc. No. 21, at 11]. Rather, Petitioner "argues, in part, that ICE disregarded its own regulations when it revoked his OOS and the improper revocation violated his due process rights." *Id.*

Next, she determined that 8 U.S.C. § 1252(b)(9) also fails to deprive the Court of jurisdiction because "[h]ere, the central dispute is the lack of any changed circumstances warranting Petitioner's prolonged re-detention," and "[c]hallenges to the length or conditions of an alien's confinement are not directly about removal." [Doc. No. 21, at 12-13] (quoting *Tazu v. Att'y Gen.*, 975 F.3d 292 (3d Cir. 2020)).

After concluding that this Court has jurisdiction over this matter, the magistrate judge next found that ICE failed to abide by its regulations when it did not provide

5

Petitioner with the required notice before his renewed detention and failed to determine that, on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future. *Id.* at 18.

First, the magistrate judge noted that "there is no evidence that Respondents informed [Petitioner] in writing of the reason for his re-detention on September 11, 2025." [Doc. No. 21, at 13]. Section 241.4(d) provides that "[a] copy of any decision by the district director, Director of the Detention and Removal Field Office, or Executive Associate Commissioner to release or to detain an alien shall be provided to the detained alien." 8 C.F.R. § 241.4(d). The magistrate judge responded to Respondents' assertion that they gave Petitioner verbal notice of the basis for his custody by concluding that "even if Respondents verbally informed Petitioner of the reasons why they revoked his OOS, it still would not constitute proper notice" because "Petitioner cannot 'respond to the reasons for revocation stated in the notification' if he was never served with a physical copy in the first instance." *Id.* at 15-16 (quoting 8 C.F.R. § 241.13(i)(3)).[2]

The magistrate judge further agreed with Petitioner that "Respondents have . . . failed to demonstrate to the Court that they made the required determination for revocation under § 241.13(i)(2) prior to redetaining Petitioner." *Id.* at 16. Section 241.13(i) governs revocations of release, providing in part:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed

---

[2] Section 241.13(i)(3) provides in part that "the alien will be notified of the reasons for revocation of his or her release" and provides "the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

6

circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. . . .

(3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial information interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

8 C.F.R. § 241.13(i)(2), (3).[3]

The magistrate judge determined that ICE violated Section 241.13(i)(2)-(3), noting that "Respondents provide the Court with no details about any communication with the Vietnamese government concerning Petitioner's removal status that would reflect that there is now a likelihood they will remove Petitioner to Vietnam in the reasonably foreseeable future." *Id.* at 17-18. The magistrate judge further noted that "[w]hile '[c]ourts have recognized that Vietnam is now considering repatriation requests from the United States,' it is still done 'on a case-by-case basis[,]' . . . [a]nd Respondents have not provided the Court with any information about how ICE has 'consider[ed] all the facts of the case[,] including . . . the history of the alien's efforts to comply with the order of removal . . . and the alien's assistance with [ICE's removal] efforts' under 8 C.F.R. § 241.13(f)." *Id.* at 18 (quoting 8 C.F.R. § 241.13(f)).[4]

---

[3] Subsection (i)(1) governs revocation of release when an alien violates an OOS, which is not alleged in this case.

[4] Due to this finding, the magistrate judge did not consider Petitioner's remaining arguments for habeas relief or Petitioner's request for declaratory judgment. She did conclude that "Petitioner's requests [for injunctive relief] are overly expansive, so the Court should deny Petitioner's requests." [Doc. No. 21, at 19].

In their Objection, Respondents again contest this Court's jurisdiction over this matter. The Court agrees with the magistrate judge's finding that neither 8 U.S.C. § 1252(b)(9) nor § 1252(g) deprives the Court of jurisdiction here.

"Section 1252(g) is to be read narrowly[] . . . and it does not cover 'all claims arising from deportation proceedings' or impose 'a general jurisdictional limitation.'" [Doc. No. 21, at 10] (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-85 (1999)). This Section "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.; see also Barrios v. Ripa*, 2025 WL 2280485, at *5 (S.D. Fla. Aug. 8, 2025) ("[T]he Court does have jurisdiction to adjudicate whether Respondents complied with their own [OOS] revocation procedures."). Further, "[c]hallenges to the length or conditions of an alien's confinement are not directly about removal," so 8 U.S.C. § 1252(b)(9) fails to deprive this Court of jurisdiction. *Tazu*, 975 F.3d at 299.

Respondents further object to the Report by arguing that Petitioner did not meet his burden in showing there was a violation of relevant regulations. The Court agrees with the magistrate judge's finding that ICE failed to determine that, on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future. Specifically, "the only travel document request made to the government of Vietnam is 'still pending' now almost two months after Officer McGettrick submitted the request" and "[e]very request for travel documents ever made by [Petitioner] or on [his] behalf has been denied." [Doc. No. 21, at 17] (citing Doc. Nos. 15-1, at 4; 1, at 3-4).

8

Finally, Respondents object to the Report arguing that immediate release is not an appropriate remedy here because the harmless error standard applies and failure to comply with a regulation cannot be a basis for relief. The Court agrees with the magistrate judge's finding that Petitioner's immediate release subject to the same OOS that governed his prior release is an appropriate remedy here. ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and that his release is therefore appropriate under 28 U.S.C. § 2241(c)(3). *See also Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) (failure to demonstrate changed circumstances justifying re-detention, as required by § 241.13(i)(2), amounts to a due process violation, entitling the petitioner to habeas relief); *Hamidi v. Bondi*, No. CIV-25-1205-G, Doc. No. 19, at 9 (W.D. Okla. Dec. 1, 2025) (granting habeas relief where the respondents failed to satisfy § 241.13(i)(2)); *Qui v. Carter*, No. 25-CIV-3131-JWL, 2025 WL 2770502, at *4-5 (D. Kan. Sept. 26, 2025) (finding a failure to establish changed circumstances under § 241.13(i)(2) renders the revocation of release ineffective, entitling the petitioner to release); *Liu v. Carter*, No. 25-CV-3036-JWL, 2025 WL 1696526, at *2-3 (D. Kan. June 17, 2025) (same).

For these reasons, the magistrate judge's Report and Recommendation [Doc. No. 21] is **ADOPTED** to the extent that the failure to adhere to 8 C.F.R. § 241.13(i)(2) compels habeas relief under the circumstances of this case. **IT IS THEREFORE ORDERED** that

Petitioner's Writ for Habeas Corpus [Doc. No. 1] is **GRANTED** to the extent it requests habeas relief pursuant to 28 U.S.C. § 2241.[5]

**IT IS FURTHER ORDERED** that Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision. Respondents shall submit a declaration, pursuant to 28 U.S.C. § 1746, within 7 days of the date of this Order, affirming Petitioner's release from custody.

**IT IS FURTHER ORDERED** that Petitioner's requests for declaratory judgment and permanent injunctive relief, and Petitioner's emergency motion or request for expedited handling [Doc. No. 5] are **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 12th day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Nothing herein should be construed to foreclose the actual receipt of a travel document from Vietnam regarding Petitioner as the type of changed circumstance that would allow for compliance with § 241.13(i)(2), or if other future events create a significant likelihood that he will be removed in the reasonably foreseeable future.